**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:19-CV-00195-LLK**

**KELLY LINN LOFTON**                                                                                                    **PLAINTIFF**

v.

**ANDREW SAUL, Acting Commissioner of Social Security**                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 16 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ did not err in finding that Plaintiff's mental health impairments do not satisfy the Listing.**

Plaintiff's first argument is that "the ALJ failed to properly assess the severity of Plaintiff's mental impairment" for purposes of the Listing 12.06 (anxiety and obsessive-compulsive disorder) and Listing 12.15 (trauma and stressor-related disorder). [DN 16 at 6].

During a period of time in which Plaintiff was experiencing "situational stressors such as the death [and imminent death] of multiple family members," [DN 9-2 at 29], Plaintiff self-reported to Four Rivers Behavioral Health, where psychologist Lisa King, Psy.D., examined her. In January 2017, Dr. King noted that Plaintiff had recently filed a second application for Social Security disability benefits and found, based on self-reports and testing, that Plaintiff has "marked," "marked," "marked," and "moderate" limitations in the four functional areas that correspond approximately to the so-called "B criteria" of Listings 12.06

1

and 12.15. [DN 9-7 at 731, 733].[1]  Dr. King noted that the results of testing were "likely an underestimate of her true abilities," [DN 9-7 at 732], which the ALJ interpreted as "suggesting she may not have put forth maximum effort," [DN 9-2 at 29].  Acceptance of Dr. King's findings would likely render Plaintiff disabled pursuant to Listings 12.06 and/or 12.15.

The ALJ gave "little weight to Dr. King's disabling findings due to the suggestion of Plaintiff's lack of maximum effort on testing, the fact that Dr. King "evaluated [Plaintiff] on only one occasion," and the situational nature of Plaintiff's stressors.  [DN 9-2 27, 29, 30].  *See* 42 U.S.C. § 423(d)(1)(A) ("Disability" means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").  The ALJ gave "some weight" to the opinions of the state agency psychological consultants because they "provided specific reasons for their opinions reflecting that they were grounded in the evidence in the case record." [DN 9-2 at 30]; *see Pittman v. Comm'r of Soc. Sec.*, No. 4:18-CV-00177-HBB, 2020 WL 855973, at *4 (W.D. Ky. Feb. 20, 2020) ("When the opinion of a non-examining State agency medical/psychological advisor is consistent with the record, the opinion represents substantial evidence to support the Administrative Law Judge's decision.") (citing *Atterbery v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989)).  The ALJ concluded that Plaintiff's mental impairments do not satisfy the Listing because, in light of her "overall mental health treatment record," Plaintiff has only "moderate," "moderate," "moderate," and "mild" B criteria limitations.  [DN 9-2 at 45, 48].

Plaintiff's Listing argument is unpersuasive because, at best, substantial evidence would have supported a finding that her mental impairments satisfy the B criteria.  However, for the reasons stated above, substantial evidence also supported the ALJ's finding that Plaintiff's mental impairments do not

---

[1] The B criteria of Listings 12.06 and 12.15 are satisfied if the individual has two marked or one extreme limitation in abilities to:  1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage self.

satisfy the B criteria. In that situation, the Court must affirm the ALJ's decision. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

**The ALJ did not err in relying on the VE's testimony.**

Plaintiff's second argument is that "the ALJ's finding, based on vocational testimony, that there are jobs which exist in significant numbers in the national economy that the Plaintiff can perform is based on incompetent vocational evidence and not supported by substantial evidence." [DN 16 at 10].

The ALJ found, based on acceptance of the testimony of the vocational expert ("VE"), that Plaintiff is not disabled because she retains the ability to perform the following jobs, which exist in significant numbers in the national economy: basket filler (Dictionary of Occupational Titles ("DOT") 529.687-010, 1991 WL 674737); stuffer (DOT 780.687–046, 1991 WL 680820); and bagger (DOT 920.687–018, 1991 WL 687965). [DN 9-2 at 32, 84-85].

Plaintiff argues that the ALJ's reliance on the VE's testimony was insubstantial due to inconsistency between the mental limitations acknowledged by the ALJ (and contemplated by the controlling vocational hypothetical) and the demands of the jobs in question as described in the DOT. [DN 16 at 11]. The argument is unpersuasive because there is no such inconsistency. At best, there is inconsistency between the mental limitations acknowledged by the ALJ and information in the Department of Labor's more current database of job descriptions known as the Occupational Information Network ("O*NET"). More specifically, there may be inconsistency with information obtainable through the DOT "crosswalk search" option on O*NET's website.[2] https://www.onetonline.org/crosswalk/

---

[2] According to Plaintiff, the ALJ found that she should not work in a fast paced or production based work environment, yet the job of basket filler is rated as 40/100 for pace of job being determined by speed of equipment. [DN 16 at 11]. The ALJ found that she should avoid concentrated exposure to hazards such as moving/dangerous machinery, yet the job of basket filler is rated as 65/100 for frequency of exposure to hazardous machinery and 54/100 for likelihood of injury from dangerous machinery. *Id.* Similarly, the job of stuffer is rated as 40/100 for pace and 70/100 for frequency of exposure. *Id.* The ALJ found that she can perform simple, routine, repetitive work tasks but cannot effectively manage written instructions, yet the job of bagger is rate as 60/100 for capacity for

3

While 20 C.F.R. § 404.1566(d)(1) lists the DOT as a source of "reliable job information," the "regulation does not list O*NET as a reliable source," and, in fact, the Social Security Administration has "determined that O*NET in its current form was not suitable for disability claims adjudication." *O'Neal v. Comm'r*, 799 F. App'x 313, 317 (6th Cir. 2020). As in *O'Neal*, Plaintiff attempts (for the first time on review of the ALJ's decision) to rely on an alleged inconsistency between the DOT and information in the O*NET. "Because the DOT continues to be recognized as a source of reliable job information and [Plaintiff] did not cross-examine the vocational expert when he had the opportunity, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that [Plaintiff] was able to perform work that existed in significant numbers in the national economy." *Id.* at 318; *see also King v. Comm'r*, No. 5:18-CV-1283, 2019 WL 8750285, at *16 (N.D. Ohio Oct. 31, 2019) (report adopted 2020 WL 1025170) (There is "no duty articulated in the Regulations, or by the Sixth Circuit, requiring the ALJ to inquire as to whether the DOT classifications are consistent with other publications" such as the O*NET).[3]

**Order**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

September 22, 2020

Lanny King, Magistrate Judge
United States District Court

---

information ordering. Plaintiff cites to and the Court finds no reference to such a rating system in the DOT job descriptions.

[3] Assuming there was an inconsistency between the ALJ's findings and the DOT (as opposed to the O*NET), the Commissioner persuasively argues that Plaintiff could and should have requested that the ALJ submit post-hearing interrogatories to the VE (rather than first complaining on review of the ALJ's decision). [DN 19 at 17 (citing HALLEX § I-2-5-57(A), 1994 WL 637385 and § I-2-5-60, 1994 WL 637387)]. Also, Plaintiffs routinely submit post-hearing objections and challenges to vocational testimony. *See e.g. Kidd v. Comm'r*, No. 5:17-CV-420-REW, 2018 WL 3040894, at *4-5 (E.D. Ky. June 19, 2018) (Plaintiff presented post-hearing "rebuttal vocational evidence" to the ALJ, who assessed the "dueling vocational opinions."); *Robberts v. Comm'r*, No. 2:18-CV-00541, 2019 WL 4023549, at *10 (S.D. Ohio Aug. 26, 2019) ("The ALJ considered Plaintiff's extensive post-hearing objections to the VE's testimony."); *Krell v. Comm'r*, 931 F.3d 582, 585 (7th Cir. 2019) (If counsel "took issue with the vocational expert's testimony, he could [have] challenge[d] it on a post-hearing basis.").